**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4641**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALEB YORK ROWELL,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:22-cr-00799-SAL-1)

───────────

Submitted:  June 25, 2024                    Decided:  June 27, 2024

───────────

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:** Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caleb York Rowell pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribution of fentanyl, heroin, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute and distribution of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); possession with intent to distribute and distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); and possession of an unregistered short barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The district court sentenced Rowell to 292 months' imprisonment followed by six years of supervised release. Rowell now appeals. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Rowell's guilty plea was valid and whether his sentence was both procedurally and substantively reasonable. In his pro se supplemental brief, Rowell raises several challenges to his sentence and argues that counsel was ineffective for failing to request a mental evaluation or review discovery with him. The Government has moved to dismiss Rowell's appeal pursuant to the appellate waiver in his plea agreement.

The waiver provision in the plea agreement does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Because Rowell did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir.

2018) (discussing plain error standard). Our review of the record leads us to conclude that Rowell entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991) (discussing district court's obligations under Rule 11).

Next, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

We have reviewed the record, including the plea agreement and the transcript of the Rule 11 hearing, and conclude that Rowell knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raised by *Anders* counsel and Rowell fall squarely within the waiver's scope.

Rowell's ineffective assistance of counsel claims, however, are not within the scope of the appeal waiver. To demonstrate ineffective assistance of trial counsel, Rowell "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However,

3

"[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).  Instead, such claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  We conclude that ineffectiveness of counsel does not conclusively appear on the face of the record before us.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Rowell's valid appellate waiver.  We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the appeal waiver.  We also deny the motion in part and affirm the remainder of the judgment.

This court requires that counsel inform Rowell, in writing, of the right to petition the Supreme Court of the United States for further review.  If Rowell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Rowell.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4